# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JASON A. MAHE,

    Plaintiff

v.

HARTMAN, et. al.,

    Defendants

Case No.: 3:21-cv-00069-MMD-WGC

**Order**

Re: ECF Nos. 1-1-7

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), currently housed at Northern Nevada Correctional Center (NNCC). On February 1, 2021, he filed a document titled an "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order." (ECF No. 1-1.) In that document, Plaintiff states that Correctional Officer Bartlett, who allegedly assaulted Plaintiff in 2019, was supposed to be kept separate from Plaintiff, but is now working in Plaintiff's unit and has been threatening Plaintiff. Plaintiff has a separate lawsuit against Bartlett and others for claims including excessive force: Case No. 3:20-cv-00261-CLB. In the filing in this case, Plaintiff claims that Bartlett and others have threatened him to drop his pending lawsuit, and have retaliated against him for his complaints. One day, Plaintiff refused to come out of his cell because he feared for his safety, and he was dragged out of his wheelchair and sprayed with pepper spray. Plaintiff claims that due to his history as a confidential informant for the Inspector General's Office, he cannot safely go to any other NDOC facility; therefore, he asks the court for an order that he be transferred out of NDOC (through an interstate compact).

1       This filing was not accompanied by a complaint, the filing fee or an application to
2  proceed in forma pauperis (IFP). On February 2, 2021, the court ordered Plaintiff to file a
3  complaint and either pay the filing fee or submit a completed IFP application for an inmate by
4  April 5, 2021. (ECF No. 3.)
5       On February 9, 2021, Plaintiff filed an application to proceed IFP. (ECF No. 4.) Plaintiff
6  subsequently filed a pro se civil rights complaint under 42 U.S.C. § 1983, and motion for leave
7  to file claim 2 of the complaint under seal. (ECF Nos. 5, 6.)[1]
8       Claim 2 of his complaint asserts that he has been involved with investigations with the
9  Office of the Inspector General (OIG), and has faced retaliation and harassment, and wants to be
10 transferred out of NDOC because he fears for his safety.
11      Shortly after filing his complaint, Plaintiff also filed a motion to be immediately heard to
12 the risk of his life being in jeopardy, which asserts that an officer told other inmates about his
13 confidential informant activities, which he believes puts him at risk of being harmed.
14 (ECF No. 7.) Neither this motion nor the initial motion for TRO/PI were filed under seal.
15      The Clerk of Court shall electronically **SERVE** a copy of this Order, as well as the
16 complaint (ECF No. 5) and these motions (ECF Nos. 1-1 and 7) on the Office of the Attorney
17 General of the State of Nevada. This does not indicate a general appearance. The Attorney
18 General's Office shall advise the court by **5:00 p.m. on April 30, 2021**, whether it will enter a
19 limited notice of appearance on behalf of Defendants for the purpose of responding to Plaintiff's
20 motion for TRO/PI (ECF No. 1-1) and emergency motion (ECF No. 7). No defenses or
21 objections, including lack of service, will be waived as a result of the filing of the limited notice
22
23

---

[1] The complaint has been provisionally sealed by the Clerk until there is a disposition of the motion for leave to file at least a portion of the complaint under seal.

of appearance. If a limited notice of appearance is entered, Defendants shall, also by **5:00 p.m. on April 30, 2021**, file a response to these motions, addressing: Plaintiff's contentions that Bartlett is working in his unit again and that Bartlett and others have been harassing, threatening and retaliating against him for his complaints and litigation, putting him in danger; that he has worked as a confidential informant for the IG's office and that a correctional officer recently disclosed this information to other inmates putting Plaintiff's life in danger; and, his request that he be transferred out of NDOC via an interstate compact to ensure his safety. If the response contains sensitive information that could potentially put Plaintiff in danger, the Attorney General's Office is granted leave to file the response under seal; however, it should ensure that Plaintiff is provided with a copy of his response to review to file his reply brief.

Plaintiff shall have up to and including **May 12, 2021** to file a reply. Plaintiff's filing should only relate to the issues outlined in this Order. Any other filings unrelated to these issues while the complaint is awaiting screening may be stricken. After briefing is completed, the court will determine whether to hold a hearing on these motions.

**IT IS SO ORDERED**.

Dated: April 16, 2021

_William G. Cobb_
William G. Cobb
United States Magistrate Judge