UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON A. MAHE,<br><br>                            Plaintiff,<br>     v.<br>HARTMAN, *et al.*,<br>                            Defendants. | Case No. 3:21-cv-00069-MMD-WGC<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Jason Mahe, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint under 42 U.S.C. § 1983. (ECF No. 5 ("Complaint" (sealed)).) Mahe subsequently filed a motion for emergency temporary restraining order and a motion for an emergency injunction. (ECF Nos. 8, 9 ("Motions").)[1] Before the Court is the Report and Recommendation (ECF No. 10 ("R&R")) of United States Magistrate Judge William G. Cobb. The R&R recommends the Court deny the Motions. Mahe timely filed his objection (ECF No. 13 ("Objection")) to the R&R, and Defendants did not file a response. Because the Court agrees with Judge Cobb and as further explained below, the Court overrules Mahe's Objection and adopts the R&R in full.

**II.    BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 10 at 1-4.)

**III.   LEGAL STANDARD**

**A.     Review of the Magistrate Judge's Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or

---

[1]The Court notes that the Motions are identical but were docketed separately to reflect that Mahe is seeking a temporary restraining order and/or preliminary injunction.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Mahe filed his Objection. (ECF No. 13.)

**IV. DISCUSSION**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R.

Judge Cobb recommends the Motions be denied as the pain medication issue raised in the Complaint are separate than the pain medication issue raised in the Motions. (ECF No. 10 at 7-8.) Mahe's Objection fails to address Judge Cobb's R&R and appears to merely restate allegations related to Mahe's safety and treatment in NDOC's custody. (ECF No. 13 at 2-4.) Mahe's only mention of pain medication relates to his assertion that denying him pain medication is in violation of "Medical Directive 447" without providing more. In the absence of a sufficient nexus between the relief sought in the Motions and alleged conduct raised and the relief sought in Mahe's Complaint—as Judge Cobb also articulated in his R&R—the Court lacks the authority to grant the relief requested in the Motions. Accordingly, Mahe's Objection is overruled. The Court therefore agrees with Judge Cobb that the Motions should be denied and will adopt the R&R in its entirety.

**V. CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 10) is accepted and adopted in full.

It is further ordered that Plaintiff Jason Mahe's motion for emergency temporary restraining order (ECF No. 8) and motion for an emergency injunction (ECF No. 9) are denied.

DATED THIS 25th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE