UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON A. MAHE,<br><br>    Plaintiff<br><br>v.<br><br>HARTMAN, et. al.,<br><br>    Defendants | Case No.: 3:21-cv-00069-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 7 |

   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

   Before the court is Plaintiff's Motion to be Immediately Heard Due to Risk of Life in Jeopardy. (ECF No. 7.) The court directed the Attorney General's Office to file a notice indicating whether it would enter a limited notice of appearance for the purposes of responding to this motion, and if so, to file a response. (ECF No. 11.) The Attorney General's Office did enter a notice of limited appearance, though it states it is for purposes of engaging in settlement discussions only. (ECF No. 16.) The Attorney General's Office also filed two responses addressing Plaintiff's requests for injunctive relief. (ECF Nos. 17, 18.)

   After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

   Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5.) Plaintiff filed a complaint, which the court screened. (ECF No. 12.) Plaintiff was allowed to proceed with

an Eighth Amendment failure to protect claim against Ortiz based on allegations that Plaintiff served as an informant to the Office of the Inspector General (IG), reporting on "dirty" NDOC employees, which has caused a risk to his safety, including assault. Plaintiff met with IG investigator Ortiz, who promised him an out-of-state transfer for his protection, but this was reneged when he and Ortiz had a falling out. Plaintiff claims that because of his history as an informant, he is not safe on any NDOC yard.

Plaintiff was allowed to proceed with a retaliation claim against Conlin based on allegations that Conlin tried to take away his wheelchair because Plaintiff reported Conlin's friend (Bartlett) for the assault. In addition, he was permitted to proceed with a retaliation and excessive force claims against Hartman based on allegations that when Plaintiff spoke to Hartman about the retaliation and threats he was facing, Hartman responded by physically attacking and injuring Plaintiff.

Plaintiff was further allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Conlin, Naughten, RN Manager Megan, RN Melissa and RN Malorey based on allegations that he suffered injuries and conditions requiring him to use a wheelchair and not a walker, but they unreasonably acted to deprive him of the wheelchair, causing him to suffer in pain.

Plaintiff's other claims were dismissed with and without leave to amend, and Plaintiff has not timely filed an amended complaint.

In ECF No. 7, Plaintiff requests an order that he be moved out of NDOC custody.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the

court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

3

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

In addition, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and

the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally." *Id.* (quoting *De Beers Consl. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

### III. DISCUSSION

In ECF No. 7, Plaintiff states that on April 11, 2021, Plaintiff was informed by another inmate that the NDOC gang Inspector General's Office (IG) investigator Becker told of all of Plaintiff's dealings as a confidential informant. He claims he saw gang members signing about what Becker told them, and as such, all of NDOC is out to kill him, and he is in danger anywhere in NDOC custody. He states that he has the names of three correctional officers he will divulge privately to the court to verify his claim. He asks to be moved out of NDOC custody.

In response, the Attorney General's Office represents that counsel spoke to Adolfo Escutia, who is with the IG's Office, who states that Plaintiff is not a confidential informant for the IG's Office. (ECF No. 17 at 4:18-20.)

There are several deficiencies with Plaintiff's motion which result in the court's recommendation that the motion for injunctive relief be denied without prejudice. First, Plaintiff does not demonstrate a likelihood of success on the merits of his failure to protect claim and he has not sufficiently established a likelihood of suffering irreparable harm in the absence of injunctive relief. He includes sparse details in his motion about what exactly Becker told other inmates, or how he knew that the gang inmates were signing about what Becker told them. Plaintiff was allowed to file a reply brief, but did not file one and address the Attorney General's Office assertion that Plaintiff was not serving as a confidential informant for the IG's office.

For these reasons, Plaintiff's motion should be denied without prejudice.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion at ECF No. 7 without prejudice.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 28, 2021

_____
William G. Cobb
United States Magistrate Judge