**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JASON A. MAHE,

    Plaintiff,

v.

HARTMAN, *et al.*,

    Defendants.

Case No.: 3:21-cv-00069-MMD-WGC

**ORDER**

Re: ECF No. 25

    Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 25). Plaintiff bases his motion on the fact that (1) he "cannot afford to hire a lawyer" and "has been granted leave to proceed in forma pauperis in this case," (2) Plaintiff's "imprisonment will greatly limit his ability to litigate this case," (3) the procedural matters in this case are too complex for Plaintiff's comprehension and abilities, (4) "a trial in this case will likely involve conflicting testimony. A lawyer would assist Plaintiff in the presentation of evidence and the cross examination of opposing witnesses," and (5) Plaintiff has made repeated efforts to obtain a lawyer. (*Id*. at 3.)

    While any *pro se* inmate such as Mr. Mahe would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

///

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the

complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Complaint was allowed to proceed on the Eighth Amendment failure to protect claim in Count 2 against Ortiz, the portions of Claim 1 alleging retaliation against Conlin and Hartman, the portion of Claim 1 alleging deliberate indifference to serious medical needs based on the removal of Mahe's wheelchair against Conlin, Naughten, RN Manager Megan, RN Melissa, and RN Malorey, and the portion of Claim 1 alleging an excessive force claim against Hartman. (ECF No. 12 at 25.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff has not provided any evidence, nor has he made any argument in his motion for appointment of counsel, showing that he is likely to prevail on the merits of his claim.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 25).

**IT IS SO ORDERED.**

Dated: June 10, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE