# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON A. MAHE, | Case No. 3:21-cv-00069-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| HARTMAN, *et al.*, | |
| Defendants. | |

On June 2, 2021, United States Magistrate Judge William G. Cobb ordered that *pro se* Plaintiff Jason Mahe's motion to seal Claim 2 of his first amended complaint (ECF No. 6 ("Motion")) be denied. (ECF No. 23 ("Order").) Judge Cobb stayed the unsealing of Claim 2 to provide Mahe an opportunity to file an objection. (*Id.* at 4.) Mahe filed an objection shortly thereafter on June 8, 2021. (ECF No. 24 ("Objection").) The Court, finding no clear error, overrules Mahe's Objection.

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

In his Objection, Mahe argues that if document evidence comes to light that he is a confidential informant, then he will continue to be in substantial danger. (ECF No. 24 at 2.) He further states that proof that he was a confidential informant are in embodied in "NDOC

grievance numbers" *2006-307-4707* and *2006-30-76628*. (*Id.* at 3.) While the Court is sympathetic to Mahe's alleged situation, Mahe's argument fails because Mahe has filed several other motions in this action asserting that he was a confidential informant, and he has not sought to seal those documents.

Moreover, Mahe merely provides the Court with grievance numbers but does not provide the grievances themselves to support his assertions. It is not the Court's responsibility to locate these grievances and the burden of production is on Mahe. Accordingly, and having reviewed the record in this case, the Court finds that Judge Cobb did not err in denying Mahe's Motion. For the reasons stated herein, the Court overrules Mahe's Objection.

It is therefore ordered that Plaintiff Jason Mahe's Objection (ECF No. 24) is overruled.

DATED THIS 15th Day of July 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE